**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

| | |
|---|---|
| **THE BURLINGTON INSURANCE COMPANY** | **PLAINTIFF** |
| vs. | **CIVIL ACTION NO.** __2:20-cv-15-KS-__MTP |
| **CENTURION SECURITY, LLC;
LA FIESTA BRAVA OF HATTIESBURG, INC.;
EMMANUEL LINDSEY; DONTRELL
MOORE; KEYUNNA LINDSEY; LASHONDA
MOORE; TRENTON BOYD; AND JOHN
DOES 1 THROUGH 10** | **DEFENDANTS** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

The Burlington Insurance Company ("TBIC") files its Complaint for Declaratory Judgment as follows:

**I.
PARTIES**

1. Plaintiff TBIC is a company formed under the laws of the State of North Carolina and having its principal place of business in the State of North Carolina. TBIC is, therefore, a citizen of the State of North Carolina.

2. Defendant Centurion Security, LLC ("Centurion Security") is a Mississippi limited liability company. Upon information and belief, the member of Centurion Security is Jamaal S. Rodgers, who is an adult resident citizen of Lamar County, Mississippi. Centurion Security may be served with process by delivering a copy of the summons and complaint to its registered agent for service of process, Jamaal S. Rodgers, at 102 Oakcrest Drive, Hattiesburg, Mississippi, or wherever he may be found. Centurion Security is a citizen of the State of Mississippi.

3. Defendant La Fiesta of Hattiesburg, Inc. ("La Fiesta") is a Mississippi corporation with its principal place of business in the State of Mississippi. La Fiesta may be served with

process by delivering a copy of the summons and complaint to its registered agent for service of process, Marianno Arellano, at 6174 Highway 49 South, Hattiesburg, Mississippi 39701. La Fiesta is a citizen of the State of Mississippi.

4. Defendant Emmanuel Lindsey ("Lindsey") is an adult resident citizen of Jones County, Mississippi. Lindsey may be served with process by delivering a copy of the summons and complaint to him at 2219 North 2nd Avenue, Laurel, Mississippi 39440, or wherever he may be found.

5. Defendant Dontrell Moore ("Moore") is an adult resident citizen of Jones County, Mississippi. Moore may be served by delivering a copy of the summons and complaint to him at 27 East Ridge Road, Laurel, Mississippi 39440-3375 or wherever he may be found.

6. Defendant Keyunna Lee ("Lee") is an adult resident citizen of Marion County, Mississippi. Lee may be served by delivering a copy of the summons and complaint to her at 66 Weathers Lane, Columbia, Mississippi 39429-5014 or wherever she may be found.

7. Defendant Lashonda Harris ("Harris") is an adult resident citizen of Forrest County, Mississippi. Harris may be served by delivering a copy of the summons and complaint to her at 102 North 19th Avenue, Hattiesburg, Mississippi 39401-4925 or wherever she may be found.

8. Defendant Trenton Boyd ("Boyd") is an adult resident citizen of Wayne County, Mississippi. Boyd may be served by delivering a copy of the summons and complaint to him at 1139 West Avenue, Waynesboro, Mississippi 3936-7777or wherever he may be found.

9. Defendants John Does 1 through 10 are individuals, corporations, or associations who are currently unknown to TBIC and who might claim to possess rights with respect to the TBIC policy of insurance described herein.

## II.
## JURISDICTION AND VENUE

10. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because plaintiff TBIC, on the one hand, and all defendants, on the other hand, are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

11. The Court also has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201. An actual and substantial controversy exists between the parties. By this action, TBIC seeks a declaration that, under its insurance policy issued to defendant Centurion Security, TBIC owes no duty to defend or indemnify any party to this action with respect to the claims brought in the state court lawsuits (collectively, the "Underlying Actions") styled as follows:

- *Emmanuel Lindsey v. La Fiesta of Hattiesburg, Inc., and Centurion Security, LLC*; In the Circuit Court of Forrest County, Mississippi; Civil Action No. W19-0130 (the "Lindsey Action")

- *Dontrell Moore v. La Fiesta Brava of Hattiesburg, Inc.; Centurion Security, LLC; and John Does 2 – 10*; In the County Court of Forrest County, Mississippi, First Judicial District; Cause No. C019-768 (the "Moore Action")

- *Keyunna Lee; Lashonda Harris; and Trenton Boyd v. La Fiesta of Hattiesburg, Inc. d/b/a La Fiesta Brava; Centurion Security, LLC; and John Does 1 – 10*; In the Circuit Court of Forrest County, Mississippi; Civil Action No. H19-0133 (the "Lee/Harris/Boyd Action")

12. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in Forrest County, Mississippi, and the Underlying Actions are proceeding in different state courts within Forrest County, Mississippi.

## III.
## FACTUAL BACKGROUND

13. The claims in the Underlying Actions all arise from a January 5, 2018 shooting at a restaurant and bar known as La Fiesta Brava. Upon information and belief, La Fiesta owned and operated the business, while Centurion Security provided security services to the location.

### Claims in the Lindsey Action

14. One June 27, 2019, Lindsey filed the Lindsey Action against defendants La Fiesta and Centurion Security. A copy of Lindsey's Complaint in that action (the "Lindsey Complaint") is attached hereto to as Exhibit 1.

15. In the Lindsey Complaint, Lindsey alleges that, on or about January 5, 2018, at approximately 11:30 pm, he was a patron invitee at the La Fiesta Brava restaurant and bar located at 6168 Highway 49, Hattiesburg, Mississippi, and that, during that time, another patron in the business began shooting.

16. According to the Lindsey Complaint, Lindsey and other customers began fleeing to the rear exit of the business in an attempt to escape the danger and avoid harm; however, when he attempted to exit, he found the rear exit was locked. Lindsey asserts that, while trapped, he "was shot by the assailant and sustained serious injuries."

17. Lindsey asserts that La Fiesta and Centurion Security knew or should have known that the business "had inadequate security, that prior acts of violence had occurred on the premises, and that La Fiesta Bravo [sic], was not reasonably safe." Lindsey further alleges that his injuries occurred as a result of La Fiesta's and Centurion Security's "negligence, breach of their duty of care, failure to maintain and implement adequate safety and security policies, failure to adequately train employees, failure to comply with applicable laws, ordinances, fire codes, and failure to warn of past and foreseeable criminal conduct."

4

**Claims in the Moore Action**

18. On June 28, 2019, Moore filed the Moore Action. Moore filed his First Amended Complaint in that action on September 17, 2019. A copy of Moore's First Amended Complaint (the "Moore Complaint"), which now serves as the operative pleading in the Moore Action, is attached hereto as Exhibit 2.

19. In the Moore Complaint, Moore asserts claims against La Fiesta, Centurion Security, and fictitious persons that he identifies as John Does 2 – 10.

20. Similar to Lindsey, Moore asserts that, on January 5, 2018, he was a business invitee and entered the restaurant to purchase food and drinks. Moore asserts that, while he was there, "a fight broke out in the bar and restaurant, resulting in shots being fired inside the establishment." Moore further asserts that he "attempted to duck for cover and exit the building, but was struck by a bullet."

21. According to the Moore Complaint, La Fiesta and Centurion Security "knew or should have known that the premises harbored crime" and "were on notice of criminal activity on the premises."

22. The Moore Complaint asserts claims for Negligence – Premises Liability, Failure to Warn, Gross Negligence, and Negligent Supervision and Training.

**Claims in the Lee/Harris/Boyd Action**

23. On June 28, 2019, Lee, Harris, and Boyd filed the Lee/Harris/Boyd Action. A copy of the complaint from that action (the "Lee/Harris/Boyd Complaint") is attached hereto as Exhibit 3.

24. In the Lee/Harris/Boyd Complaint, those claimants assert claims against La Fiesta, Centurion Security, and fictitious persons they identify as John Does 1 – 10.

25.     Lee, Harris, and Boyd assert that they were patron invitees at the La Fiesta Brava restaurant and bar on January 5, 2018 at approximately 11:30 pm, that another patron in the business began shooting, that they began fleeing to the rear of the restaurant but found the exit locked, and that, as a result, they were trapped and "shot by the assailant."

26.     The Lee/Harris/Boyd Complaint asserts that La Fiesta and Centurion Security knew or should have known that the business "had inadequate security that allowed unauthorized firearms onto its premises and into the restaurant and bar areas; that prior acts of violence had occurred on the premises; and that La Fiesta Brava was not reasonably safe."

27.     Lee, Harris, and Boyd further allege that their injuries occurred as a result of La Fiesta's and Centurion Security's "negligence, breach of their duty of care, failure to maintain and implement adequate safety and security policies, failure to adequately train employees, failure to comply with applicable laws, ordinances, fire codes, and failure to warn of past and foreseeable criminal conduct."

## TBIC's Coverage Denial

28.     TBIC first received notice of the shooting incident that is at issue in the Underlying Actions on or about March 11, 2019, more than a year after the shooting occurred when it received a letter from Rockhill Insurance Company from an insurance agency in Hattiesburg, Mississippi.

29.     On May 24, 2019, after investigating the matter, TBIC disclaimed an obligation to provide coverage to Centurion Security. On that same date, TBIC informed La Fiesta's insurer, Rockhill Insurance, of its coverage determination.

30.     TBIC's coverage determination was made timely, accurately, and in good faith.

**The TBIC Policy**

31. TBIC issued a commercial general liability policy with policy number 883B002031 (the "Policy") to defendant Centurion Security. The Policy had effective dates of February 23, 2017, to February 23, 2018.

32. A true and correct copy of the Policy is attached hereto as Exhibit 4.

33. The Policy identifies the named insured as Centurion Security LLC. The Policy does not identify La Fiesta as a named insured, and the Policy does not otherwise afford coverage to La Fiesta. Moreover, the Policy does not afford coverage to any other person or entity that fails to demonstrate that it qualifies as an insured under the Policy.

34. The Policy provides coverage for certain "bodily injury" and "property damage" to which the insurance applies. Among other limitations, the Policy only covers "bodily injury" or "property damage" if they are "caused by an 'occurrence' that takes place in the 'coverage territory'."

35. The Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful condition."

36. None of the complaints in the Underlying Actions allege an "occurrence" within the meaning of the Policy. Therefore, none of the defendants is entitled to defense or indemnity under the Policy in connection with the claims at issue in the Underlying Actions.

37. Furthermore, the Policy contains exclusions applicable to the allegations made by defendants Lindsey, Moore, Lee, Harris, and Boyd in the Underlying Action, including an "Assault, Battery, or Other Physical Altercation Exclusion."

38. The Assault, Battery or Other Physical Altercation Exclusion is contained in an endorsement to the Policy, which was made a part of the Policy at the time of issuance.

39. The Assault, Battery or Other Physical Altercation Exclusion expressly provides that the Policy does not apply to "bodily injury" or "property damage" "[e]xpected or intended from the standpoint of any insured," "[a]rising in whole or in part out of any 'assault' or 'battery' committed or attempted by any person," "[a]rising in whole or in part out of any act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened 'assault' or 'battery,'" or "[a]rising in whole or in part out of any actual or threatened verbal or physical confrontation or altercation committed or act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened verbal or physical confrontation or altercation."

40. Moreover, the Assault, Battery or Other Physical Altercation exclusion applies "to all acts or omissions, including any act or omission in responding to or failing to respond or render aid, medical or otherwise, to any victim of the 'assault' or 'battery' or physical confrontation or altercation, and all theories of liability (direct or vicarious) asserted against any insured, including but not limited to all theories of negligence, gross negligence, recklessness or intentional tort and shall not be subject to any severability or separation of insureds provision in the policy."

41. The Policy defines "assault" to mean "any attempt or threat to inflict injury upon the person of another, or any display of force such as would give a person reason to fear or expect immediate bodily harm."

42. The Policy defines "battery" as "physical contact with a person without his or her consent that entails some injury or offensive touching."

43. The Assault, Battery or Other Physical Altercation exclusion plainly applies to exclude coverage for the claims asserted by Moore in the Underlying Action. Accordingly, none of the parties to this case is entitled to defense or indemnify against those claims.

44. The Policy also contains Limits of Insurance that would, should coverage have existed, limited TBIC's obligations to $1,000,000 per occurrence and $2,000,000 aggregate. Thus, TBIC's duty to indemnify, had it otherwise existed, would have been limited to a total amount of $1,000,000 in connection with all the Underlying Actions.

45. No other coverages or other provisions of the Policy apply to afford coverage for the claims at issue in the Underlying Action.

46. The Policy also establishes certain Duties in the Event of Occurrence, Offense, Claim, or Suit. To the extent any insured failed to perform those duties, including the giving of timely notice of the incident, no coverage may exist for these additional reasons.

47. The Policy specifically excludes and does not provide coverage for any award of punitive or exemplary damages.

48. TBIC has not issued a policy of insurance to La Fiesta. Nevertheless, La Fiesta has requested coverage a defense and indemnity from TBIC in connection with the Underlying Actions. Because it is not an insured, and for all the other reasons for which no coverage exists under the policy, La Fiesta has no right to coverage from TBIC.

## IV.
## DECLARATORY RELIEF – NO DUTY TO DEFEND OR INDEMNIFY

49. Plaintiff TBIC incorporates by reference the allegations stated above.

50. Plaintiff TBIC seeks a declaratory judgment by this Court that the Policy does not create a duty to defend La Fiesta or Centurion Security and does not create a duty to indemnify any of the defendants herein in connection with any of the Underlying Actions.

51. The injuries that are at issue in the Underlying Actions arise from the claimants being shot while on La Fiesta's premises. Neither that shooting nor any of the other actions, inactions, or other breaches of duty alleged in the Underlying Actions constitute an "occurrence"

9

under the Policy. Accordingly, no coverage exists for Lindsey, Moore, Lee, Harris, or Boyd's claims or any other claims arising out of the shooting at issue in the Underlying Actions.

52. Further, there is no coverage for Lindsey, Moore, Lee, Harris, or Boyd's claims under the Policy due to exclusions in the Policy, including but not limited to the Expected or Intended Injury Exclusion and the Assault, Battery or Other Physical Altercation exclusion.

53. Therefore, plaintiff TBIC did not and does now owe a duty of defense or indemnity to any defendant with respect to the Underlying Actions.

54. The Limits of Liability contained in the Policy otherwise limit any coverage obligations that TBIC might have owed; however, for the reasons noted herein, TBIC owes no payments or other relief to any of the defendants in connection with the Underlying Action or the Default Judgment entered therein.

55. Moreover, La Fiesta is not an insured under the Policy, and it is not otherwise entitled to coverage under the Policy.

56. TBIC does not owe a duty to indemnify any party in connection with an award of punitive or exemplary damages.

## V.
## JURY DEMAND

Plaintiff TBIC hereby requests that this civil action be tried by a jury.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, plaintiff The Burlington Insurance Company respectfully requests judgment as follows:

(a) A declaration that the Policy does not apply to the Underlying Actions, such that TBIC has no duty to defend or indemnify any defendant in connection therewith;

(b) Reasonable attorneys' fees incurred in pursuing this action;

(c) Costs of court; and

(d) Such other and further relief as to which TBIC may show itself justly entitled.

Respectfully submitted,

        THE BURLINGTON INSURANCE COMPANY


        /s/ Charles E. Winfield
        Charles E. Winfield
        Miss. Bar No. 10588
        cwinfield@winfieldlawfirm.com
        THE WINFIELD LAW FIRM, P.A.
        224 East Main Street
        Post Office Box 80281
        Starkville, Mississippi 39759
        Telephone:  (662) 323-3984
        Facsimile:  (662) 323-3920