IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**THE BURLINGTON**  **PLAINTIFF**
**INSURANCE COMPANY**

**v.**  **CIVIL ACTION NO. 2:20-cv-15-TBM-MTP**

**CENTURION SECURITY, LLC;**
**LA FIESTA OF HATTIESBURG, INC.;**
**EMMANUEL LINDSEY; DONTRELL**
**MOORE; TRENTON BOYD; KEYUNNA**
**LEE;** *and* **LASHONDA HARRIS**  **DEFENDANTS**

## ORDER DENYING SUMMARY JUDGMENT WITHOUT PREJUDICE

This insurance coverage action arises out of a shooting at the La Fiesta restaurant in Hattiesburg, Mississippi on January 5, 2018. La Fiesta used the security services of Centurion Security, which was undisputedly insured at the time by The Burlington Insurance Company (Burlington). In June 2019, La Fiesta patrons who were injured in the 2018 shooting began filing lawsuits in state court against La Fiesta and Centurion Security. On January 27, 2020, Burlington filed suit in this Court seeking a declaratory judgment against the state court plaintiffs and moved for summary judgement on February 5, 2021. Burlington asserts that it owes no duty to defend or indemnify parties in those specified state court lawsuits, including its insured, Centurion Security. [32].

After the summary judgement briefing was complete, the Court elected to set the motion for hearing. Prior to the hearing date some of the parties (Plaintiff Burlington and Defendants La Fiesta, Trenton Boyd, Keyunna Lee, and Lashonda Harris) announced to the Court their intention to resolve the matter via settlement, and the hearing was terminated by agreement of those parties. The remaining parties (Defendants Centurion Security, Emmanuel Lindsey, and Dontrell Moore)

have not entered an appearance in this action. And the clerk entered an Entry of Default against them, at Burlington's request, on February 5, 2021 (the same day that Burlington filed its Motion for Summary Judgement). [34]; [35]. Accordingly, Burlington's Motion for Summary Judgement will remain pending after that settlement is finalized, but the remaining default Defendants have neither responded to the Motion nor participated in this action in any way.

In moving for summary judgement, Burlington did not brief the issue of how the non-settling Defendants' default status impacts Burlington's request for summary judgement. *See Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) ("A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."). Instead, Burlington simply stated: "To the extent that any defendant has failed to appear and defend in this action, [Burlington] further requests that a default judgment be entered against them or that they be otherwise bound by this Court's ruling on the instant motion." [32] pg. 2. Of note, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Burlington's Motion for Summary Judgment is, therefore, denied without prejudice, and a telephonic status conference will be held on August 23, 2021, at 1:30 p.m.

IT IS THEREFORE ORDERED AND ADJUDGED that Burlington's Motion for Summary Judgment [32] is DENIED without prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that a status conference will be held on August 23, 2021, at 1:30 p.m.

This the 19th day of August, 2021.

                                                TAYLOR B. McNEEL
                                                UNITED STATES DISTRICT JUDGE